## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENELL OSWALT | : | |
| 15700 South Main Street Ext. | : | |
| Pleasantville, PA 16341 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 1:23-cv-83 |
| v. | : | |
| | : | |
| SHAWNTECH COMMUNICATIONS, | : | |
| INC. | : | |
| 8521 Gander Creek Drive | : | **JURY TRIAL DEMANDED** |
| Miamisburg, OH 45342 | : | |
| and | : | |
| KELLY MACRAE | : | |
| 8521 Gander Creek Drive | : | |
| Miamisburg, OH 45342 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.  INTRODUCTION

1.      This action has been initiated by Jenell Oswalt (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff's (current) employer, and the above-captioned high-level manager, are personally liable for (knowingly and intentionally) failing to pay Plaintiff overtime compensation (in violation of state and federal law(s)). As a result, Plaintiff seeks damages as set forth herein.

### II.  JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental and/or ancillary

jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.  PARTIES

5.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.    Plaintiff is an adult individual, with an address as set forth in the caption.

7.    Shawntech Communications, Inc. ("Defendant SCI" where referred to individually) was established in or about 1986, is headquartered in Ohio, and provides telecommunication services to hundreds of correctional facilities across the United States.

8.    Kelly MacRae (hereinafter "Defendant MacRae" where referred to individually) is a "State Manager" for Defendant SCI and has upon information and belief been employed with and for Defendant SCI for approximately 18 years (since in or about 2004).

9.      At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.[1]

## IV.  FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant SCI effective on or about December 14, 2016; and in total, Plaintiff has been employed with Defendant SCI for many years (and she remains employed).

12.     Defendant SCI is a business specializing in providing telecommunication services to prisons throughout the United States. And Plaintiff physically works within and is assigned to a Pennsylvania Prison in Western Pennsylvania.

13.     Plaintiff has always been paid hourly within Defendant SCI, and she was hired originally at a rate of $13.00 per hour. Over the years (from 2016 through 2023), Plaintiff's hourly rate gradually increased to $22.08 per hour (her currently hourly pay rate).

14.     Upon hire, Plaintiff was most commonly referred to as a Site Administrator, although in mid-2020 she was deemed promoted to the role of Lead Site Administrator. Plaintiff's job and role has been referred to in varying titles, but the aforesaid titles have been the most commonly used during her employ.

15.     The primary duties of Plaintiff's role (as Site Administrator) throughout her employment had been: (a) troubleshooting problems; (b) updating phone lists; (c) fixing

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

technical problems; (d) processing paperwork or data; and (e) other similar work. Although labeled Site Administrator, Plaintiff primarily functioned as an onsite client help-desk technician.

16.   Upon promotion to Lead Site Administrator (in mid-2020, Plaintiff continued to perform the previously-described primary duties. And Plaintiff performed some additional functions as well of coordinating or auditing work of others.

17.   In addition to performing a non-exempt role, Plaintiff was always paid "hourly." By way of examples only: (a) Plaintiff's paystubs identify her "hourly" rate; (b) Plaintiff's pay fluctuated during weeks when she worked less than 40 hours per week; (c) Plaintiff was informed throughout her employment she was paid hourly (as she was given hourly pay increases throughout her tenure; and (d) human resources personnel have acknowledged Plaintiff is paid hourly in communications (even as recent as Plaintiff's last month of employment).

18.   During the early part of Plaintiff's tenure, she reported to Janice McGulgon ("McGulgon"). McGulgon was Plaintiff's prior "State Manager."

19.   In or about the timeframe of February, 2020, Defendant MacRae assumed the role of State Manager overseeing Plaintiff. Thus, Defendant McRae supervised Plaintiff for Plaintiff's last approximate three (3) years.

20.   Plaintiff was always a non-exempt employee under the Fair Labor Standards Act ("FLSA"). In other words, she was always entitled to overtime compensation at time and one half of her pay for all hours worked in excess of 40 hours per week.[2]

---

[2] Separate and apart from Plaintiff's primary work duties being non-exempt, an employer cannot assert an "hourly" employee is subject to an FLSA exemption (as to the circumstances in this case). *See e.g. Layden v. HSL Builders, Inc.*, 2002 U.S. Dist. LEXIS 11634 (E.D. Pa. 2002)(granting summary judgment to the plaintiff on FLSA overtime violations, explaining "exempt status is not appropriate" to an "hourly" employee). Thus, Plaintiff is non-exempt under the FLSA by virtue of her duties and separately because she has not been paid by "salary."

21.    While under the supervision of McRae, Plaintiff was forced to work extensive overtime without compensation - - in violation of state and federal law(s). More specifically:

    (1)    In addition to Plaintiff's physical work hours at the prison, Plaintiff was directed by McRae to be available at all times of the day and on weekends. Plaintiff was told by McRae that McRae doesn't care if Plaintiff is at a doctor's appointment, Plaintiff better respond. Plaintiff regularly handled (or responded to) emails and fielded telephone calls outside of her regular work hours. This resulted in Plaintiff working overtime during regular workweeks, and this time was not tracked or paid for by Defendants. **Very conservatively**, Plaintiff estimates working **at least 91** overtime hours during a 3-year lookback from this lawsuit filing (considering actual calls, email review(s) and response(s), *and* other review or research based on such calls or emails).

    (2)    Plaintiff was asked to participate in interviews and meetings outside of her typical work schedule. **Very conservatively**, Plaintiff estimates working **at least 5** overtime hours during a 3-year lookback from this lawsuit filing.

    (3)    Plaintiff worked through nights and weekends for an approximate 7-month timeframe on what was commonly referred to as the Ohio project. Plaintiff was instrumental in helping to create a procedure, comprehensive report, and data analysis for dissemination to clients / customers (the "Ohio project"). **Very conservatively**, Plaintiff estimates working **at least 193.5** hours during a 3-year lookback from this lawsuit filing.

22.    In unpaid overtime compensation, Plaintiff is owed approximately $10,000.00.

This sum should be doubled automatically through mandatory liquidated damages.[3]

---

[3] *See e.g*. *Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

23.     Plaintiff is *automatically* entitled to liquidated damages for Defendants' actions as

outlined in this Complaint, entitling her to approximately $20,000.00 in unpaid overtime alone.

Such damages <u>are in addition to</u> mandatory legal fees and other applicable damages under state

and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's

fees).[4]

24.     Apart from unpaid overtime, Defendants also committed wage violations. More

specifically:

>   (1)   Plaintiff was required to work through days she had taken off, which were
>         unpaid. Plaintiff was not paid at her regular pay rate despite having to work
>         through days she had taken off at McRae's insistence. Plaintiff estimates
>         conservatively she was not paid for approximately **255 hours** at her then
>         normal payrate in this regard.
>
>   (2)   Plaintiff was required to work through vacation days, sick days, and holidays.
>         She did not get to utilize her own vacation, sick or other days which were a
>         wage benefit by her employer as a result. In being denied these wage benefits,
>         Plaintiff was deprived of approximately **640 hours** of paid time off.

25.     These deprivations of wages as set forth in Paragraph 24 (a) – (b) constitute

violations of the Pennsylvania Wage Payment & Collection Law ("PWPCL"). These

deprivations total in excess of $20,000.00. And pursuant to the PWPCL, Plaintiff is entitled to

liquidated damages, interest and attorney's fees.

26.     McRae was very intolerant, abusive, and completely exploited Plaintiff. McRae

ignored Plaintiff's concerns, requests for compensation and overtime, and demanded Plaintiff

work as outlined in this lawsuit under continuous threat of her job stability. Defendants'

collective actions as outlined in this lawsuit were objectively outrageous and reckless.

---

[4] Both the PMWA and FLSA permit a 3-year lookback. Since the same legal standard for determining overtime
violations exists both as to the FLSA and PMWA, Plaintiff only references the FLSA within the factual section.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation)
### - Against Both Defendants -

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff was not properly paid for all owed overtime as explained *supra*.  And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Compensation)
### - Against Both Defendants -

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute violations of the PMWA.

### Count III
### Violations of the Pennsylvania Wage Payment & Collection Law ("PWPCL")
### (Failure to Pay Wages)
### - Against Both Defendants -

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff was not properly paid for all wages as explained s*upra*. And such actions constitute violations of the PWPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, and other legally-applicable compensation;

C.      Plaintiff is to be awarded actual damages to which she is equitably or legally entitled beyond those already specified herein;

D.      Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E.      Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020

Dated: March 21, 2023

8